**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **MARK A. PERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 1:25-cv-00050-ALT** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** ***sued as Frank Bisignano,[1] Commissioner of the Social Security Administration,*** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>OPINION AND ORDER</u>**

Plaintiff Mark A. Perry brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On September 26, 2025, the Court granted the Commissioner's unopposed motion for reversal with remand and remanded the case for further proceedings. (ECF 26, 27).

Perry's counsel, Jason S. Rodman of Forbes Rodman PC,[2] now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $8,919.99. (ECF 36). The Commissioner filed a response, stating that he does not support or oppose Counsel's fee request. (ECF 37). For the following reasons, the motion for attorney fees will be GRANTED.

***A. Factual and Procedural Background***

In April 2023 and January 2025, Counsel entered into fee agreements with Perry in which Perry agreed to pay Counsel 25 percent of any past-due benefits awarded to him. (ECF 36-1, 36-

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See La-Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at n.2 (S.D. Ind. May 15, 2025).

[2] Attorneys James T. Zender, Ann E. Young, and Randal S. Forbes have also appeared on Perry's behalf in this suit. As used herein, the term "Counsel" shall refer one or more of Perry's attorneys.

2).[3] On April 11, 2023, Perry filed an action with this Court appealing the denial of disability benefits by the Commissioner, which resulted in a reversal and remand of the case to the Commissioner. (*See* ECF 21-ECF 22 in Case No. 1:23-cv-00162). The Commissioner denied Perry's disability applications a second time. (*See* ECF 22 at 4). On February 3, 2025, Perry filed this case appealing that denial, which resulted in another reversal and remand of this case to the Commissioner. (ECF 36 ⁋ 2; *see* ECF 27).

As the victor, Perry filed motions for an award of attorney and paralegal fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in both cases and was awarded a total EAJA amount of $14,242.31 for 54.60 attorney hours and 6.0 paralegal hours. (ECF 36 ⁋⁋ 3, 4; ECF 36-3, 36-4, 36-5, 36-7). However, Counsel represents they did not receive any portion of Perry's EAJA fee awards because the awards were intercepted to pay Perry's federal debt. (ECF 36 ⁋ 4; ECF 36-6, 36-8).

On August 1, 2026, the Commissioner upon remand issued a partially favorable decision to Perry, finding Perry was entitled to Supplemental Security Income (SSI) as of October 9, 2021. (ECF 36-9 at 16). On August 26, 2026, the Commissioner issued a notice of award to Perry, informing he was entitled to disability benefits beginning October 2026 and $35,680.24 in back payments. (ECF 36-10). On September 25, 2026, Counsel filed the instant motion for attorney fees pursuant to § 406(b). (ECF 36).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls

---

[3] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[4] Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. § 416.1525(a).[5] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment …." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[6] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019).

As to contingent fee agreements, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within [that] boundary, … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807 (citation and footnote omitted). "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[5] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[6] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

808 (citations omitted). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time[.]" *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

### *C. Legal Analysis*

The Court is charged with determining whether Counsel's requested fee of $8,919.99 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits …." 42 U.S.C. § 406(b)(1)(A). Perry was awarded $35,680.24 in back payments, and thus, the requested fee of $8,919.99 does not exceed 25 percent of Perry's back payments.

Counsel contends that the requested fee award of $8,919.99 is reasonable in light of the contingent nature of the representation, the result achieved, and the amount of time worked on the case. (ECF 36 ⁋ 12). Counsel obtained a good result for Perry, as the Commissioner agreed to remand the case for further proceedings after Counsel filed his opening brief (ECF 22, 26), and the Commissioner ultimately awarded Perry SSI benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). Counsel requested two thirty-day extensions of time to file the opening brief in this case (ECF 16, 19), and one thirty-day extension to file the opening brief in the earlier case (ECF 13 in Case No. 1:23-cv-00162), and thus did not contribute to any excessive delay of the case. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable

delay that would contribute to the attorney's profit from the accumulation of the claimant's past-due benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] or his co-counsel … caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Lastly, Counsel's requested fee of $8,919.99 (less $720 in paralegal fees) for 54.60 hours of attorney work equates to an attorney rate of $150.18 per hour. This rate is well below the range of previous awards in this district and the Seventh Circuit, and the Court does not find this award unreasonable on the circumstances presented. *See Bradley L. v. Kijakazi*, No. 1:20-cv-00323-JMS-TAB, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable." (citation omitted)); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $8,919.99. Because Perry's EAJA awards were intercepted to pay his federal debts and Counsel did not receive any portion of the EAJA awards, Counsel has no duty to refund any EAJA award amount to Perry. *See Reeves v. Astrue*, 526 F.3d 732, 737 (11th Cir. 2008) (acknowledging that "[t]he uncodified clause of the EAJA requires an attorney that '*receives fees for the same work* under both' the EAJA and the Social Security Act to refund the smaller amount to the claimant," but emphasizing that "the clause, by its own terms, only comes into play after the attorney actually *receives* double fees for the same work" (citations omitted)); *Loar v. Saul*, No. 3:18-cv-775-TLS, 2020 WL 3302990, at *1 (N.D. Ind. June 18, 2020) (acknowledging that counsel is not required to refund to the plaintiff any portion of EAJA fees that were intercepted to satisfy the plaintiff's federal debt).

***D. Conclusion***

For the foregoing reasons, Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 36) is GRANTED in the amount of $8,919.99.

SO ORDERED.

Entered this 19th day of October 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge